IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric Cleon Frater,<br><br>  Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | No. CV 16–01553–PHX–DGC (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:**

Petitioner Cedric Cleon Frater ("Petitioner" or "Frater"), is currently incarcerated in the in the Arizona State Prison Complex in Florence, Arizona, serving a 14 year imprisonment sentence arising from convictions in the Maricopa County Superior Court, case #CR 2011- 123789, for three counts of sale or transportation of marijuana pursuant to a plea agreement. Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) on May 19, 2016, and an Amended Petition ("Amended Petition) (Doc. 7) on June 21, 2016. In an Order on June 28, 2016 (Doc. 8), the Court required an answer to the Amended Petition. Respondents filed a Limited Answer (Doc. 12) asserting that the Petition should be dismissed. Petitioner did not file a reply. For the reasons below, undersigned recommends that the Petition be denied as untimely because it was filed more than two and a half years after AEDPA's 1-year statute of limitations expired.

## I.   BACKGROUND

### A.   Conviction and Sentence

On May 22, 2012, Petitioner plead guilty to three counts of Sale or Transportation of Marijuana, and on July 10, 2012[1], he was sentenced to a term of 14 years imprisonment (Exhibits B, E, F; Doc. 12-1 at p. 40-43, Doc. 12-3 at p. 1-6, Doc. 12-3 at p. 7-8).[2]   Petitioner was advised in writing of his right to have his conviction and sentenced reviewed in state court (Exhibit G; Doc. 12-3 at p. 9-10).  Petitioner signed the notice (*Id.*).   Because Petitioner was sentenced pursuant to a guilty plea and plea agreement, his state avenue of review was through an "of-right" post-conviction ("PCR") proceeding, rather than direct appeal. *See* Ariz. R. Crim. P. 32.1; Doc. 12-3 at p. 9-10. The notice informed Petitioner of such and that to seek post-conviction relief, he had to file a PCR notice "within 90 days of the entry of judgment and sentence" (Exhibit G; Doc. 12-3 at p. 9-10).  Additionally, this form informed Petitioner:

> To file a **NOTICE OF POST-CONVICTION RELIEF**, you should contact your lawyer by letter, telephone or in person, telling him or her that you want to seek post-conviction relief. You can file the notice of post-conviction relief before you leave the courtroom on the day you are sentenced if you wish.
>
> If you do not have a lawyer, get a copy of Form XXIV(b), **NOTICE OF POST-CONVICTION RELIEF**, either from the clerk of the court, jail, or prison, fill it out and file or send it to the clerk of the superior court of the county where you were sentenced. The notice must arrive at the clerk's office within 90 days after you were sentenced or within 30 days of the order and mandate affirming the judgment and sentence on direct appeal.
>
> If you cannot afford to hire a lawyer, you should execute the Affidavit of Indigency contained in the Notice of Post-Conviction Relief and request that a lawyer be appointed to represent you.

---

[1] The judgment was filed on July 12, 2012 (Exhibit E; Doc. 12-3 at p. 2).

[2] The referenced alphabetical exhibits were submitted with Respondents' Limited Answer, Doc. 12.  The document and page references herein are to this Court's electronic record.

> If you want a full copy of the rules governing appeals and post-conviction relief, the clerk of the court in the county where you were convicted will send you one upon request.

(Exhibit G; Doc. 12-3 at p. 9-10).

**B.      PCR Proceedings**

     **1. First PCR Proceedings**

On March 15, 2013, Petitioner filed an untimely "of-right" PCR notice (Exhibit H; Doc. 12-3 at p. 11-14). Petitioner's bases and argument were brief:

> Petitioner is filing his Petition citing newly discovered evidence and material facts, to include landmark rulings in *Missouri v. Frye*, and *United States v. Jones*. Affidavits will be introduced in Exhibit B of the Pro/Per Petition. [Petitioner] demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have concurred with the sentenced imposed.

(Exhibit H; Doc. 12-3 at p. 13-14). Despite the reference to such, Petitioner did not file any exhibits or affidavits (*Id.*).

On April 23, 2013, the trial court summarily dismissed the notice as untimely (Exhibit I; Doc. 12-3 at p. 15-17). The trial court wrote:

> Pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, the Notice of Post-Conviction Relief must be filed within 90 days of the entry of judgment and sentencing or within 30 days of the issuance of the final Order or Mandate from the appellate court. [Petitioner] was sentenced on July 10, 2012[.] In order for [Petitioner's] notice of post-conviction relief to be considered timely filed, it would have needed to be filed prior to October 10, 2012.
>
> [Petitioner] claims, pursuant to Ariz. R. Crim. P. 32.1(e), that there are newly discovered material facts (to include the landmark rulings in two cases) which probably would have changed the verdict or sentence in [his] case. [Petitioner's] claim is more appropriately analyzed pursuant to Ariz. R. Crim. P. 32.1(g), that there has been a significant change in the law that if applied retroactively to the [Petitioner's] case, it would probably affect the outcome. Specifically, [Petitioner] claims *Missouri v. Frye*, 132 S.Ct. 1399 (2012), is a significant change in the law that applies to his case. *Frye* is not a change in the law that applies to [Petitioner's] case. [Petitioner] is

> therefore precluded from relief on his claim of ineffective assistance of counsel. Ariz. R. Crim. P. 32.2.
>
> [Petitioner] also claims, pursuant to Ariz. R. Crim. P. 32.1(h), that there are facts which establish by clear and convincing evidence that [Petitioner] is actually innocent and newly discovered material facts which probably would have changed the verdict or sentencing in his case. [Petitioner] fails to support these claims with sufficient facts, evidence, or law.
>
> The evidence provided by [Petitioner] is a far cry below the standard that must be met for [Petitioner] to obtain post-conviction relief pursuant to Ariz. R. Crim. P. 32(h). [Petitioner] must prove by clear and convincing evidence that based on the facts presented, a reasonable fact finder could not find [Petitioner] guilty of the underlying offense. [Petitioner] has failed to meet this burden.
>
> A [petitioner] must comply strictly with Rule 32 by asserting substantive grounds which bring him within the provisions of the Rule in order for the Court to grant relief. *State v. Manning*, 143 Ariz. 139, 141, 692 P.2d 318, 320 (1984). [Petitioner's] notice of post-conviction relief does not contain any facts, memoranda, or law. A defendant filing a timely notice of post-conviction relief may file a notice of post-conviction relief that lacks specific claims or details. However, when the notice is filed in an untimely fashion, the defendant has the burden of alleging specific claims and supporting those claims with sufficient facts, arguments, and law. *See* Ariz. R. Crim. P. 32.2(b) and Ariz. R. Crim. P. 32.4(a). [Petitioner] fails to state claim for which relief can be granted in an untimely Rule 32 proceeding. Rule 32.4(a).

(*Id.*) Petitioner did not seek review at the Arizona Court of Appeals (Doc. 7 at p. 5).

### 2. Second PCR Proceedings

On May 16, 2013, Petitioner filed a second PCR notice and petition (Exhibits J, K; Doc. 12-3 at p. 18-20, Doc. 12-3 at p. 11-37). Petitioner raised two claims:

(1) Defense counsel failed to adequately challenge [the] duplicitous indictment and excessive sentence.

(2) Defense counsel failed to adequately challenge [the] consecutive sentences.

(Exhibit K; Doc. 12-3 at p. 11-37). On June 7, 2013, Petitioner additionally filed a

"Motion to Allow Amendment to Post-Conviction Relief Petition; Successive Petition" (Exhibit L; Doc. 12-3 at p. 38-52).

On June 17, 2013, the trial court summarily dismissed Petitioner's second PCR notice and petition, stating as follows:

> [T]his is [Petitioner's] second Rule 32 proceeding; it is both untimely and successive.
>
> [Petitioner] claims he is entitled to relief pursuant to Ariz. R. Crim. P. 32.1(e), (g), (h). [Petitioner] fails to support these claims with sufficient facts, evidence, or law. The defendant's claims are more appropriately analyzed under Ariz. R. Crim. P. 32.1(a), (c).
>
> [Petitioner] is claiming, pursuant to Ariz. R. Crim. P. 32.1(a), that he received ineffective assistance of counsel. [Petitioner] cannot raise this claim in an untimely or successive Rule 32 proceeding because an untimely notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). Ariz. R. Crim. P. 32.4(a).
>
> [Petitioner] also claims, pursuant to Ariz. R. Crim. P. 32.1(c), that the prison sentence imposed by the Court exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law. In substance, [Petitioner] is claiming that the Court lack[ed] the authority to run his three sentences consecutive to one another. The claim is without merit. [Petitioner] is not permitted to raise a claim of this nature in a successive petition for post-conviction relief. Ariz. R. Crim. P. 32.4(a).

(Exhibit M; Doc. 12-3 at p. 53-55).  On July 22, 2013, the trial court summarily denied Petitioner's "Motion to Allow Amendment to Post-Conviction Relief Petition; Successive Petition" (Exhibit N; Doc. 12-3 at p. 56-57).  Petitioner did not seek review at the Arizona Court of Appeals (Doc. 7 at p. 5).

### 3. Third PCR Proceedings and Appeal

On September 16, 2013, Petitioner filed his third PCR notice, arguing as follows:

> Petitioner was arrested in the State of New York (where he was a resident), by a joint state/federal task force [which] was investigating a multi-state drug conspiracy. The Department of Justice, a federal entity, has the authority to investigate any and all federal crimes within the United States jurisdiction.

- 5 -

> The State of Arizona has jurisdiction within the State of Arizona and may enlist the support of federal law enforcement within their jurisdiction. The State of Arizona cannot enlist federal or state investigators in another state to collect evidence for their *local* investigations. Any evidence gathered by federal officials in another state against a defendant must be suppressed at trial.[FN1: Defense counsel had an obligation to advise [Petitioner] about the suppression.]
>
> Defense counsel should have advised Petitioner that the evidence gathered by federal investigators in the State of New York could not be used against him in trial. This could have resulted in an acquittal at trial or a more favorable plea bargain.

(Exhibit O; Doc. 12-3 at p. 58-67).   On November 7, 2013, the state court summarily dismissed the notice on, as untimely and successive (Exhibit P; Doc. 12-3 at p 68-70).

On December 9, 2013, Petitioner filed a petition for review with the Arizona Court of Appeals, which was filed in Division One but then transferred to Division Two (Exhibits Q, V; Doc. 12-3 at p. 71-76, Doc. 12-3 at p. 90-92).

On May 26, 2015, the Arizona Court of Appeals granted review, but denied relief. The court of appeals wrote:

> On review, [Petitioner] lists numerous claims of ineffective assistance of counsel and asserts that his indictment was duplicitous and his consecutive sentences were improper. He also asserts he is entitled to raise those claims because *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), constitutes a significant change in the law pursuant to Rule 32.1(g).
>
> [Petitioner's] most-recent notice of post-conviction relief was patently untimely. Ariz. R. Crim. P. 32.4(a). As he appears to recognize, he may only raise claims pursuant to Rule 32.1(d) through (h). Ariz. R. Crim. P. 32.4(a). Thus, [Petitioner] is entitled to raise a claim pursuant to Rule 32.1(g) that there has been a significant change in the law. But the Supreme Court's holding in *Martinez* does not constitute a change in Arizona law. *See State v. Escareno-Meraz*, 232 Ariz. 586, ¶ 6, 307 P.3d 1013, 1014 (App. 2013). And it would not aid [Petitioner] in any event. The Supreme Court determined in *Martinez* that, as a matter of equity, a non-pleading defendant may be able to obtain federal habeas review of a claim that is procedurally barred if he can show ineffective assistance of his first post-conviction counsel. ___ U.S. at ___, 132 S. Ct. at 1319−20. As a pleading

>defendant, [Petitioner] was entitled to counsel in his first post-conviction proceeding—a right he expressly declined to exercise. Ariz. R. Crim. P. 32.4(c)(2). The trial court did not err in summarily dismissing [Petitioner's] most-recent notice of post-conviction relief. [footnote omitted]

(Exhibit W; Doc. 12-3 at p. 93-99). Petitioner did not seek review at the Arizona Supreme Court (Doc. 7 at p. 5).

## II.   PETITIONER'S HABEAS CLAIMS

Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) on May 19, 2016, and an Amended Petition ("Amended Petition) (Doc. 7) on June 21, 2016.

In his Amended Petition (Doc. 7), Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises three grounds for relief. In Ground One, he alleges that his trial attorney was ineffective because the attorney failed to move to suppress evidence that had been obtained by federal and state agents in another state. In Ground Two, Petitioner alleges that he received ineffective assistance of trial counsel because his attorney failed to object to the duplicity "and/or" validity of his indictment, thereby resulting in an excessive sentence that violated his due process rights. In Ground Three, Petitioner alleges that, under *Martinez*,[3] he is entitled to have his Amended Petition reviewed, notwithstanding the fact that it is untimely and successive.

## III.   LEGAL ANALYSIS

### A.   AEDPA's Statute of Limitations and Statutory Tolling

A threshold issue for the Court is whether the habeas petition is time-barred by the statute of limitations. The time-bar issue must be resolved before considering other procedural issues or the merits of any habeas claim. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's habeas petition because he filed it after April 24, 1996,

---

[3] Presumably, Petitioner is referring to *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012).

- 7 -

the effective date of the AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing *Smith v. Robbins*, 528 U.S. 259, 267 n.3 (2000)).

### 1. One Year Limitations Period

Under the AEDPA, a state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a defendant is convicted pursuant to a guilty or no contest plea, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the timely Rule 32 of right proceeding concludes or the time for such expired. *Summers v. Schriro*, 481 F.3d 710, 713-17 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

Petitioner plead guilty pursuant to a plea agreement and was sentenced on July 10, 2012. Pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, the Notice of Post-Conviction Relief must be filed within 90 days of the entry of judgment. Here, Petitioner did not file his first notice of post-conviction relief until March 15, 2013, over seven months after entry of the judgment against him. The trial court rightly found this first notice of post-conviction relief untimely.

Respondents argue that Petitioner's judgment became final and the one year began to run on July 11, 2012, the day after the trial court entered judgment and sentence. The Court finds that the proper calculation is to allow the time for the equivalent of direct review, a notice of post-conviction relief filed within 90 days, before the conviction and sentence become final for AEDPA statute of limitations purposes. The last day to file for post-conviction relief was October 8, 2012, and, thus, AEDPA's one year limitations period began to run on October 9, 2012, and it expired one year later on October 9, 2013, absent statutory or equitable tolling.[4] *See* sections III(A)(2) & (3), *infra*.

---

[4] Adding the five days for mail under state rules would make October 13, 2012 the start date for the one year limitations period, with expiration of such on October 12, 2013. Even adding the five days does not make Petitioner's habeas petition timely.

- 8 -

### 2. Statutory Tolling

Under the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed within the state's required time limit, however, is not "properly filed," and is thus not entitled to statutory tolling. *Allen v. Siebert*, 552 U.S. 3, 6–7 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under AEDPA tolling provision); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Further, a second PCR proceeding that is deemed untimely does not toll the time between the first and second PCR proceedings. *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).

None of Petitioner's PCR petitions statutorily tolled the running of the limitations period because none of these untimely petitions was a "properly-filed" application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)") (internal quotation omitted); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Therefore, Petitioner was required to file his federal habeas petition by October 9, 2013, absent any equitable tolling. *See* section III(A)(3), *infra*.

### 3. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). However, for equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" to prevent him from timely filing a federal habeas petition. *Id*. at 649 (quoting *Pace v. DiGuglielma*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).

Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate."); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and internal emphasis omitted). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007).

A petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see also Ballesteros v. Schriro*, CIV-06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Further, a prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

In *Ramirez v. Yates*, the petitioner argued that he had limited access to the law library and copy machine during the period in which he remained in administrative segregation. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). In denying equitable tolling for that period of time, the Ninth Circuit has stated that "[o]rdinary prison limitations on [petitioner's] access to the law library and copier (quite unlike the denial

1. altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule—AEDPA's limitations period would be tolled for the duration of any and every prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well." *Id.*; *see also Gutierrez-Valencia v. Ryan*, No. CV-12-01318-PHX-JAT, 2014 WL 1762978, at *5 (D. Ariz. May 5, 2014) (where petitioner did not allege a complete lack of access to his legal file, only his being housed in lock down status in a maximum security facility, court held that "Petitioner has not provided this Court with any specific details regarding what legal materials he was seeking and how they would be of assistance in his habeas filing . . . [and] Petitioner does not dispute that his lock down status is an ordinary prison limitation.").

Petitioner has not met his burden to show equitable tolling. While Petitioner alludes to a lack of English comprehension in the third ground of his habeas petition (Doc. 7 at p. 8), a lack of English proficiency constitutes an extraordinary circumstance with regard to equitable tolling "only when the petitioner is unable to procure legal materials in his own language or to obtain translation assistance." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014). Here, Petitioner fails to meet his burden to "allege specific, particularized facts showing that he was unable to procure legal materials in his own language or obtain translation assistance during the relevant time period." *Arcineiga-Rangel v. Ryan*, No. CV−15−02172−PHX−DGC, 2016 WL 2957798, at *3 (D. Ariz. May 23, 2016) (citations omitted).

Equally unavailing is Petitioner's complaint that his trial counsel did not file an "of-right" PCR notice and that counsel ailed to inform him of his right to file a pro se PCR petition (Doc. 7 at p. 8). Petitioner was given formal notice of his rights in regard to a PCR notice and proceeding, and he signed the notice stating such (Exhibit G; Doc. 12-3 at p. 9-10). Petitioner has not argued, let alone demonstrated, that he was unable to procure a copy of the form "in his own language or to obtain translation assistance." *Yow Ming Yeh*, 751 F.3d at 1078.

To the extent Petitioner suggests that *Martinez v. Ryan*, ___ U.S.___, 132 S. Ct. 1309 (2012), applies in this context, he is mistaken. *Martinez* applies only to excusing procedural default and/or lack of exhaustion in state court. *See id.* at 1315. In *Martinez*, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. Thus, *Martinez* has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court. *See McKinnie v. Long*, 2013 WL 1890618 (C.D. Cal. Apr. 5, 2013) ("*Martinez* dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether petitioner's claims are time barred under the AEDPA statute of limitations."); *Moore v. Williams*, 2013 WL 271454 at *5 (D. Nev. Jan. 23, 2013) ("Petitioner has conflated the federal timeliness question with the issue of whether a claim in the federal petition is barred due to procedural default in state court."). Accordingly, *Martinez* does not present a basis for equitable tolling. Petitioner's habeas petition is untimely.

Petitioner has failed to meet his burden of showing extraordinary circumstances or reasonable diligence that would justify equitable tolling. Additionally, the record does not reveal any extraordinary circumstances that prevented Petitioner from filing a timely federal habeas corpus petition. Because Petitioner has not presented circumstances and met his burden that would justify equitably tolling the AEDPA statute of limitations and there is no extraordinary circumstance reflected in the record which prevented the timely filing of a federal habeas corpus petition, the Petition is untimely and the Court will not consider Respondents' alternative grounds for denying habeas corpus relief. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002) (whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims).

### IV. CONCLUSION

Petitioner filed the Petition more than two and a half years after the expiration of the AEDPA statute of limitations. Statutory and equitable tolling do not render the Petition timely. Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1).

Because the Petition is untimely, the Court does not consider Respondents' alternative grounds for denying habeas corpus relief. The Court will therefore recommend that the Amended Petition be denied and dismissed.

Assuming the recommendations herein are followed in the District Judge's judgment, the District Judge's decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists would not find it debatable whether the District Court was correct in its procedural ruling. Accordingly, to the extent the Court adopts this Report and Recommendation as to the Petition, a certificate of appealability should be denied.

**IT IS THEREFORE RECOMMENDED that** the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED that** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United*

1  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely
2  objections to any factual determination of the Magistrate Judge may be considered a
3  waiver of a party's right to appellate review of the findings of fact in an order or
4  judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ.
5  P. 72.

      Dated this 29th day of December, 2016.

                                              Honorable Deborah M. Fine
                                              United States Magistrate Judge